## OLE HOUGO, Appellant, v. T. O. HUSO, Respondent.

(173 N. W. 453.)

**Mechanics' liens — charges for extra labor by subcontractor — evidence.**

In an action by a subcontractor to foreclose a mechanic's lien for alleged extra labor, it is *held* that the plaintiff has failed to establish a cause of action against the defendant, and that the trial court properly ordered a dismissal of the action.

Opinion filed May 23, 1919.

Appeal from the District Court of Divide County, *Leighton,* J. Plaintiff appeals.

Affirmed.

*Brace & Stuart,* for appellant.

There is no requirement in our statute that a contract need be in writing to support a mechanic's lien, and in the absence of such requirement an oral or implied contract is sufficient. 20 Am. & Eng. Enc. Law, 352; Carney v. Cook, 80 Iowa, 747, 45 N. W. 919, 99 N. W. 1105; Tom Sweeney Hardware Co. v. Gardner, 18 S. D. 166.

. *Geo. P. Homnes,* for respondent.

CHRISTIANSON, Ch. J.   In February, 1916, the defendant entered into a written contract with one Peterson, whereby Peterson agreed to erect a barn for the defendant on his farm in Divide county. The contract is in two parts. The first part relates to the construction of a concrete basement and foundation. The other part relates to the frame structure to be erected upon the concrete foundation. There is no controversy with respect to the frame building. The only part of the contract involved in this litigation is that relating to the concrete work, which is in words and figures as follows: "I do hereby agree to erect the forms and to do all labor in the erection and construction of a concrete basement for a barn 58x76-9 feet clear same wall to be 12″ thick and all necessary abutments to support the stall posts, also a center wall to support partition running through the barn on side of shed. All the material including cement, sand, gravel, and stone to be furnished delivered on the ground by the owner. All the above for the sum of $180."

After this contract had been made Peterson employed the plaintiff Hougo to do the concrete work, that is, to pour the concrete into the forms prepared by Peterson. For this work Peterson agreed to pay Hougo $150. Hougo claims that by reason of alteration of the plans he was required to do more work than was contemplated in the original contract, and he filed a mechanic's lien against the barn for such additional work, and has brought this action to foreclose the lien.

. The trial court ordered judgment in favor of the defendant for a dismissal of the action. Plaintiff moved for a new trial on the ground that the evidence was insufficient to justify the decision and that the decision was against law. The motion was denied, and plaintiff appealed from the judgment and from the order denying a new trial.

The plaintiff, Hougo, testified that he entered into a contract with

Peterson to pour cement into the forms constructed by Peterson. He also testified that after he had commenced work it was decided, instead of placing abutments or "piers" as referred to in the contract, to place "walls;" and that this alteration in the contract required him to mix and pour more concrete. The plaintiff admits that the change was advantageous to Peterson, and that it was easier for him to prepare the forms for the "walls" than to prepare the forms for the different "piers" or abutments. The defendant, who was called as a witness, testified that the changes were made at the suggestion of Peterson, and that at the time Peterson suggested the changes he also stated that it would be more convenient for the plaintiff to pour concrete into the forms for walls than into the forms for abutments. It also appears that at Peterson's suggestion the walls were reduced in height so that the basement was only 8 feet "in the clear" instead of 9 feet "clear," as specified in the contract.

The plaintiff does not claim that he had any contract or understanding with the defendant at all. His contract was with Peterson, and with him alone. Nor does plaintiff claim that he had any contract or understanding either with Peterson or with the defendant with regard to the alleged additional work which he claims that he performed. In our opinion the evidence in the case fails to show that the changes or alterations taken altogether required the performance of any more work than that which the contractor was required to do under his contract with the defendant. It is undisputed that the defendant has made settlement with Peterson and paid him the full amount stipulated in the contract. It is also undisputed that Peterson has made settlement with the plaintiff and paid him the full amount agreed upon between them at the time they made their contract. We are of the opinion that the plaintiff has wholly failed to establish any cause of action against the defendant, and that the trial court very properly ordered a dismissal of the action.

Judgment affirmed.